IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C/O S. CLARK,<br><br>　　　　Defendant. | Case No. 1:11-cv-02098 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on December 20, 2011.

**I.　SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

1   States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
2   immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983.  To prove
3   a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional
4   or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48
5   (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a
6   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in
7   another's affirmative acts, or omits to perform an act which he is legally required to do that causes the
8   deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993)
9   (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual
10  causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v.
11  Goode, 423 U.S. 362, 370-71 (1976).

12  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim
13  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .
14  . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
15  (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to
16  provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions,"
17  "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly,
18  550 U.S. at 555-57.  The complaint "must contain sufficient *factual matter*, accepted as true, to 'state
19  a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting
20  Twombly, 550 U.S. at 570) (emphasis added).

21  **II.    THE COMPLAINT**

22  Plaintiff alleges that many times in 2008 and 2009, Defendant denied her access to the law library
23  and three times did not provide her a meal.  (Doc. 1 at 3) Plaintiff provides no other details about the
24  events at issue.

25  **III.   DISCUSSION**

26  **A.     Eighth Amendment – Conditions of Confinement**

27  The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
28  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

### 1. Denial of access to the law library

Plaintiff alleges that Defendant repeatedly denied her access to the law library in 2008 and 2009. (Doc. 1 at 3) However, the lack of access to the law library is not an objectively serious deprivation within the meaning of the Eighth Amendment. See Farlough v. Dawson, 2010 U.S. Dist. LEXIS 71867, at *13 (E.D. Cal. July 16, 2010) ("Inadequate access to the law library cannot reasonably be characterized as the denial of the minimal civilized measure of life's necessities.").

On the other hand, the Constitution does not guarantee a prisoner unlimited access to the law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). Rather, access to the law library serves as a means for safeguarding a prisoner's constitutional right to access the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Thus, unless the prisoner establishes that he was unable to access the courts as a result of being denied access to the law library, there is no constitutional violation. Id. at 350-56; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (no constitutional violation where prisoner failed to show that he was unable to file a complaint or defend against a charge due to law library restrictions). As noted above, there is no showing that the repeated denial of access to the law library constituted a constitutional deprivation.

### 2. Denial of three meals

Plaintiff asserts that Defendant denied her three meals at some time in the past. (Doc. 1 at 3) Though prison conditions may be "restrictive and harsh," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), prison officials must provide inmates with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). However, "the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see also Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Though Plaintiff was denied meals on three occasions, though clearly unpleasant, this does not rise to the level of a denial of the minimal civilized measures of life's necessities. To state a claim, Plaintiff must show facts that Defendant acted with deliberate indifference to her dietary needs. Thus, she must demonstrate that her health was in immediate danger or her health suffered as a result of the lack of food. Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (deprivation of food is cruel and unusual punishment only if it denies minimal civilized measure of life's necessities, which depends on duration of deprivation). Thus, Plaintiff has failed to state a claim.

**B.  Leave to Amend**

The Court will provide Plaintiff an opportunity to amend her pleadings to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

Plaintiff's amended complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff is cautioned that in her amended complaint, she may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once she files an amended complaint, her original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes

of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **March 8, 2012**                                   /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE